1  DAVID W. MEADOWS (SBN 137052)
   Law Offices of David W. Meadows
2  1801 Century Park East, Suite 1250
   Los Angeles, CA  90067
3  Tel: (310) 557-8490
   Fax: (310) 557-8493
4  Email: david@davidwmeadowslaw.com
5
   Bankruptcy Counsel to Beshmada of Delaware, LLC,
6  Debtor and Debtor in Possession
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11  In re                                  )   Case No. 2:09-bk-25510-BR
                                           )
12  BESHMADA OF DELAWARE, LLC,             )   Chapter 11
                                           )
13            Debtor.                      )   **NOTICE OF MOTION AND MOTION**
                                           )   **FOR EXTENSION OF EXCLUSIVITY**
14                                         )   **PERIODS FOR FILING AND SEEKING**
                                           )   **ACCEPTANCES OF PLAN OF**
15                                         )   **REORGANIZATION; MEMORANDUM**
                                           )   **OF POINTS AND AUTHORITIES; AND**
16                                         )   **DECLARATION IN SUPPORT**
                                           )   **THEREOF**
17                                         )
                                           )   Date:  February 1, 2011
18                                         )   Time:   10:00 a.m.
                                           )   Place:  Courtroom 1668
19  _____)

20  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

21  **THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

22          **PLEASE TAKE NOTICE** that Beshmada of Delaware, LLC, the Debtor and Debtor-in-

23  Possession in the above-referenced chapter 11 proceeding ("Beshmada Deleware" or the "Debtor"),

24  hereby moves the Court for an order extending and the period in which the Debtor has the

25  exclusive right to seek file a chapter 11 plan pursuant to Bankruptcy Code Section 1121(b) from

26  October 29, 2010 to and including March 31, 2010.  Likewise, the Debtor requests that the Court

27  extend by sixty (60) days the 120 day period under Bankruptcy Code Section 1121(d) during which

28

                                        - 1 -

1   time parties other than the Debtor are prohibited from filing competing plans while the Debtor

2   solicits acceptances to a plan the Debtor files within the extended period.

3         The Debtor submits this Motion pursuant to 11 U.S.C. § 1121; FRBP 3016; and Local

4   Bankruptcy Rule 9013-1(d).

5         The Motion is based upon this Notice of Motion and Motion, the attached declaration, all

6   pleadings and records on file in this case, and upon such other evidentiary matters as may be

7   presented to the Court regarding the Motion.

8

9         **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

10  any party opposing the relief sought by the motion must file a written opposition setting forth the

11  facts and law upon which the opposition is based and must appear at the hearing on the motion.

12  Any such response to the motion must be filed with the Clerk of the Court and served upon

13  proposed counsel for Beshmada named in the upper left-hand corner of this notice not less than

14  fourteen (14) calendar days prior to the hearing on the motion.

15

16        Pursuant to Local Bankruptcy Rule 9013-1(h), any response not timely filed and served

17  may be deemed by the Court to be consent to the granting of the motion.

18  Date:  October 28, 2010                LAW OFFICES OF DAVID W. MEADOWS

19

20

21

22                                         By:  _____/s/ David W. Meadows_____

23                                                David W. Meadows

24                                                Bankruptcy Counsel for Beshmada of Delaware,
                                                  LLC.

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor is seeking its first extension of the deadlines to file a Disclosure Statement and Plan of Reorganization and to extend the exclusivity periods for filing and solicitation of acceptances of the Plan of Reorganization (collectively, the "Extensions").  The basis for the Extensions is that the Debtor needs additional time to propose a liquidating plan that is expected to be a joint chapter 11 plan with the cases of In re Ezri Namvar, Case No. 2:08-bk-32349-BR ("Namvar") and In re Namco Capital Group, Inc.. Case No. 2:08-bk-32333-BR ("Namco").  Concurrent motions similar to the Motion herein are being filed by the Debtor's affiliated cases, In re Beshmada, LLC, Case No. 2:09-bk-25523-BR ("Beshmada") and In re Dimes, LLC, Case No. 2:09-25517-BR ("Dimes").

## II.

## FACTS AND PROCEDURAL HISTORY

1.    On June 19, 2009, an involuntary chapter 7 petition was filed against the Debtor. Through a series of stipulations and orders of this Court, the last day for Debtor to answer or otherwise respond to the involuntary petition was continued from time to time.

2.    On June 22, 2010, Beshmada stipulated to entry of an Order for Relief and to convert the case to one under Chapter 11 of the Bankruptcy Code.   On July 1, 2010, this Court entered its order approving the stipulation (the "Order for Relief").

3.    On July 23, 2010, this Court entered its "Order For Filing A Chapter 11 Plan Of Reorganization And Disclosure Statement And Order Setting Hearing For Approval of Disclosure Statement" (the "Scheduling Order").    Pursuant to the Scheduling Order, the Debtor was ordered to file a plan of reorganization and disclosure statement on or before August 30, 2010.   The Debtor

1  filed its "Notice Of Motion And Motion For An Order Alternatively (1) Vacating Scheduling Order

2  Or (2) Extending Deadline To File Proposed Disclosure Statement And Proposed Chapter 11 Plan"

3  (the "Motion to Vacate or Alter").    On September 27, 2010, after a hearing conducted on

4
5  September 14, 2010, the Court vacated the Scheduling Order.    Therefore, at present, there is no

6  Court imposed deadline for filing a disclosure statement and plan in this case.

7          4.      Section 1121 still applies to this case.    Pursuant to Section 1121(a), the Debtor's

8  exclusivity period expires on October 29, 2010.

9                                          **III.**

10  **THE COURT HAS THE AUTHORITY TO GRANT THE DEBTOR AN EXTENSION**

11                **OF THE EXCLUSIVE PERIODS FOR FILING AND**

12        **SEEKING ACCEPTANCES OF A PLAN OF REORGANIZATION**

13          Section 1121 of the Bankruptcy Code governs who may file a plan of reorganization.

14
15  Section 1121(b) grants a debtor an exclusive period of 120 days after the date the petition was filed

16  to file a plan of reorganization.  If a debtor files a plan within the 120-day period, §1121(c)(3)

17  prohibits other parties from filing competing plans while the debtor solicits acceptances thereto

18  until 180 days after the date that the petition was filed.  In the present case, the Debtor seeks to

19  extend both the 120-day and the 180-day periods.  Under §1121(d), this Court may extend both of

20
21  these periods "for cause".  Section 1121(d)(2)(A) provides that the 120-day exclusivity period may

22  not be extended beyond a date that is 18 months after the Petition Date. Section 1121(d)(2)(B)

23  provides that the 180 day acceptance period may not be extended beyond a date that is 20 months

24  after the Petition Date.  The Debtor is proposing three month extensions of the respective

25  exclusivity periods which are well within the statutory limits.

26          The legislative history states that in enacting the statutory scheme of §1121, Congress

27  intended to strike a balance in the plan negotiating postures between debtors and creditors.

28
                                          - 4 -

1 Teachers Ins. and Annuity Ass'n of America v. Lake In The Woods (In re Lake In The Woods), 10

2 B.R. 338, 343 (E.D. Mich. 1981); In re Tony Downs Foods Co., 34 B.R. 405 (Bankr. D. Minn.

3 1983); In re Ravenna Indus., Inc., 20 B.R. 886 (Bankr. N.D. Ohio 1982); H.R. Rep. No. 595, 95th

4 Cong., 2d Sess. (1978).

5

6      Congress intended that the debtor-in-possession be given the first opportunity to file an

7 acceptable plan of reorganization and to solicit acceptances.  Congress attempted to strike a balance

8 between the creditors' rights to avoid unreasonable delays against the debtor's need for a reasonable

9 period of time during which to formulate and negotiate a meaningful plan of reorganization.  See,

10 H.R. Rep. No. 595, supra.  Congress realized that while it could offer guidelines, it was not in a

11 position to determine how this delicate balance should be struck in each case.  Therefore, as an

12 integral part of the balance that §1121 achieves, Congress empowered the court, in its discretion, to

13 reduce or increase exclusivity periods, provided the debtor, as the moving party, upon a showing of

14 "cause".  In re Tony Downs, 34 B.R. 405; In re Ravenna Indus., 20 B.R. 886.  While the recent

15 BAPCPA amendments placed a cap on the exclusivity and solicitation periods, the choice of 18 and

16 20 months, respectively, evidence an intention to provide debtors with significant room to deal with

17 the peculiarities of each case.

18

19      Section 1121(d) does not define "cause", and the legislative history is sparse.  "Cause might

20 include an unusually large or unusually small case, delay by the debtor, or recalcitrance among

21 creditors." H.R. Rep. No. 595, 95th Cong., 1st Sess. 406 (1977).  "[T]he granted extension should

22 be based on a showing of some promise or probable success." S. Rep. No. 989, 95th Cong., 2d

23 Sess. 118 (1978).

24

25      One of the central factors in determining whether "cause" exists to extend the exclusive

26 periods has been the debtor's progress towards a plan of reorganization.  See, In re McLean Indus.,

27 Inc., 87 B.R. 830, 834 835 (Bankr. S.D.N.Y. 1987) (although case involved "a small number of

28

creditors and lack of profits," extension of exclusive periods was warranted where case was

"nevertheless complex and requires considerably further study before a plan of reorganization

could be proposed and intelligently communicated to creditors for their acceptance," and the debtor

"has at least pointed itself in a direction whereby it can negotiate with its creditors"); In re Pine

Run Trust, Inc., 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (although "[t]he traditional ground for

cause, the large size of the debtor and the concomitant difficulty in formulating a plan of

reorganization, was not established in this case," extension of exclusive periods was warranted

where "substantial progress has been made in negotiations that, all concede, are critical to a

successful reorganization."); In re Trainer's. Inc., 17 B.R. 246 (Bankr. E.D. Pa. 1982) (additional

time required to conclude negotiations for sale of business found to constitute cause for extension).

Courts have recognized that the diligence of management and the proper administration of a

bankruptcy case are additional factors, the existence of which supports the extension of periods of

exclusivity.  See, In re United Press International, 60 B.R. 265 (Bankr. D.D.C. 1986); In re

Trainer's, Inc., 17 B.R. 246, 247 (Bankr. E.D.Pa. 1982).

## IV.

## CAUSE EXISTS TO GRANT THE DEBTOR THE EXTENSIONS

These chapter 11 cases of  Beshmada Delaware, Beshmada, and Dimes (the "DIP Cases" or

the "Debtors"), Namco and Namvar  (the "Trustee Cases) are complicated cases.   There is a lot to

figure out in terms of how the plans of the DIP Cases and the Trustee Cases are going to dovetail as

joint plans and joint disclosure statements.    The Debtors are working with the professionals

representing the Trustee Cases to address these and other issues.    The issues have to do with how

assets will be transferred, how claims will be dealt with, how litigation will be pursued and the

proceeds will be allocated.     The Debtors are trying to file and serve a joint chapter 11 plan and

1    joint disclosure statement on behalf of the Debtors and the Trustee Cases by year end.    While

2    that may not occur, it is the goal the Debtors are striving to achieve.

3        It is important to the Debtors that with respect to the DIP Cases, that the status quo be

4    preserved.    These cases have affected many, many creditors and parties in interest.    There are

5    many moving parts.    It is important to the Debtors that for an additional period, only the Debtors

6    in each of the DIP Cases have the right to file a chapter 11 plan.    Extending the existing

7
     exclusivity period through March 31, 2011, is important to preserve the status quo, for a reasonable
8
9    and relatively modest period.

10                                          **V.**

11                                   **<u>CONCLUSION</u>**

12        The Debtor submits that the foregoing facts establish cause for an extension of the exclusive

13
     periods and other related deadlines.  The Debtor respectfully requests that the Court enter an Order:
14
15   (1) extending the period in which the Debtor has the exclusive right to file a plan of reorganization

16   from **October  29, 2010** through and including **March 31, 2011**; (2) extending the period in which

17   the Debtor has the exclusive right to seek acceptances of a plan of reorganization for a period of

18   sixty days from extended date for filing a plan, **to May 31, 2011**.    The Debtor respectfully

19
     requests such other appropriate relief.
20

21
     Dated:  October 28, 2010                    THE LAW OFFICES OF DAVID W. MEADOWS
22

23
                                          By:_____/s/ David W. Meadows_____
24                                              David W. Meadows
                                              Bankruptcy Counsel for the Debtor and Debtor-
25                                              in-Possession

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF R.  LOUIS A. CICALESE

I, Louis A. Cicalese, hereby declare as follows:

1.      I am the successor manager of Beshmada, LLC ("Beshmada"), Beshmada of Delaware, LLC (Beshmada Delaware), and Dimes, LLC ("Dimes").  I am over the age of 18 years and competent to give this declaration.  The matters stated herein are true and correct and based upon my personal knowledge except as to such matters stated on information and belief which matters I believe to be true.

2.      These chapter 11 cases of Beshmada, Beshmada of Delaware, and Dimes (the "DIP Cases" or the "Debtors") are complicated cases.   There is a lot to figure out in terms of how the plans of the DIP Cases and the cases of In re Ezri Namvar and In re Namco Capital Group, Inc. (the "Trustee Cases") are going to dovetail as joint plans and joint disclosure statements.    The Debtors are working with the professionals representing the Trustee Cases to address these and other issues. The issues have to do with how Debtors' assets will be transferred, how claims will be dealt with, how litigation will be pursued and how the proceeds will be allocated.     The Debtors are trying to file and serve a joint chapter 11 plan and joint disclosure statement on behalf of the Debtors and the Trustee Cases by year end.      While that may not occur, it is the goal the Debtors are striving to achieve.

3.      It is important to the Debtors that with respect to the DIP Cases, that the status quo be preserved.     These cases have affected many, many creditors and parties in interest.     There are many moving parts.    It is important to the Debtors that for an additional period, only the Debtors in each of the DIP Cases have the right to file a chapter 11 plan.    Extending the existing exclusivity period through March 31, 2011, is important to preserve the status quo, for a reasonable and relatively modest period.

4.      Based upon the above facts, I believe that adequate cause exists for the Court to approve the requested extensions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____the day of October, 2010 at Los Angeles, California

see next page

_____

Louis A. Cicalese

1   4.  Based upon the above facts, I believe that adequate cause exists for the Court to

2 approve the requested extensions.

3

4   I declare under penalty of perjury under the laws of the United States of America that the

5 foregoing is true and correct.

6  Executed this _28_ the day of October, 2010 at Los Angeles, California

7

8

9               Louis A. Cicalese

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re: Beshmada of Delaware, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-25510-BR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1801 Century Park East, Suite 1250, Los Angeles, CA  90067.

A true and correct copy of the foregoing document described:

**NOTICE OF MOTION AND MOTION FOR EXTENSION OF EXCLUSIVITY PERIODS FOR FILING AND SEEKING ACCEPTANCES OF PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  9/27/10,  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>10/28/2010.</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Barry Russell (messenger)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/28/2010 | David W. Meadows | /s/ David W. Meadows |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                       **F 9013-3.1**

| In re:  Beshmada of Delaware, LLC | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  2:09-25510-BR |

I.  (Continued)

- Gillian N Brown     gbrown@pszjlaw.com, gbrown@pszjlaw.com
- Russell Clementson     russell.clementson@usdoj.gov
- Steven T Gubner     sgubner@ebg-law.com, ecf@ebg-law.com
- Stuart I Koenig     Skoenig@cmkllp.com
- John P Kreis     jkreis@attglobal.net
- Jeffrey A Krieger     jkrieger@ggfirm.com
- David W. Meadows     david@davidwmeadowslaw.com
- David Norouzi     david@norouzi.us
- David M Poitras     dpoitras@jmbm.com
- Samuel Price     sprice@pooleshaffery.com
- Robyn B Sokol     ecf@ebg-law.com, rsokol@ebg-law.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Howard J Weg     hweg@pwkllp.com
- Rebecca J Winthrop     winthropr@ballardspahr.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 9013-3.1**